FILED

UNITED STATES DISTRICT COURT
2013 OCT 23 P 1:17

DISTRICT OF RHODE ISLAND

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Salvatore DeLuise | : |
| | : |
| Vs. | : C.A No. 13- |
| | : |
| Nationstar Mortgage, LLC and Bank of New York | : |
| Mellon f/k/a Bank of New York, as Trustee for the | : |
| Holders of the Certificates, First Horizon Mortgage | : |
| Pass-Through Certificates Series FHAMS 2006- | : |
| FA7, by First Horizon Home Loans, a Division of | : |
| First Tennessee Bank National Association, in its | : |
| Capacity as agent for the Trustee under the Pooling | : |
| and Servicing Agreement | : |

CA 13- 709 M

## COMPLAINT

### Parties

1. Plaintiff Salvatore DeLuise is a resident of the City of Warwick, County of Kent, and State of Rhode Island.

2. Defendant Nationstar Mortgage (hereinafter referred to as "Nationstar"), based upon information and belief, is a foreign corporation authorized to do business within the State of Rhode Island and has a business address of 350 Highland Drive, Lewisville, TX 75067.

3. Defendant Bank of New York Mellon f/k/a Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-FA7, by First Horizon Home Loans, a Division of First Tennessee Bank National Association, in its Capacity as agent for the Trustee under the Pooling and Servicing Agreement (hereinafter referred to as "Bank of NY"), based upon information

1

and belief, is a foreign corporation authorized to do business within the State of Rhode Island and has a business address of 4000 Horizon Way, Irving, TX 75063.

Jurisdiction and Venue

4. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are foreign corporations based outside of the State of Rhode Island.

5. This Honorable Court has also supplementary jurisdiction over the state court claims included herein pursuant to 28 U.S.C § 1337 and jurisdiction to declare the rights of the parties without further relief pursuant to 28 U.S.C. § 2201.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of this action is situated within the State of Rhode Island.

7. Plaintiff further avers that the Plaintiff has redressible claims over the matters in this complaint pursuant to the following statutes:

a) Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem his mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

b) Plaintiff claims ownership of the latter described premises and seeks to clear his title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c) Plaintiff claims that only he has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

d)  Plaintiff, may seeks to redeem, pursuant to R.I.G.L. § 34-26-1, the mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

e) Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether his deed to the premises is affected by any conveyance of another person in his chain of title.

f) Plaintiff seeks to appoint a trustee pursuant to R.I.G.L. § 34-4-7 to sell the property if it cannot be redeemed.

8.  Pursuant to the mortgage deed executed by Plaintiff, "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with the Applicable Law, such conflict shall not affect other provisions of this Security Agreement or the Note which can be given effect without the conflicting provision.

9.  Further, pursuant to the mortgage deed executed by Plaintiff, Defendant acknowledges specific contractual obligations between the parties, as stated in the mortgage deed regarding notice prior to acceleration by the mortgagee, "The notice shall further inform Borrowers of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrowers to acceleration and sale." (emphasis added).

10. A foreclosure has been threatened without a judicial review of the chain of title of the Plaintiff's premises.

<u>Title Facts</u>

11. On April 11, 1991, Plaintiff and his ex-wife, Lisa V. DeLuise, were conveyed a warranty deed from Josephine Imondi and Cheri Demarais for certain improved real estate located at 290 Shawomet Avenue, Warwick, Rhode Island and same was recorded on April 12, 1991in the Warwick, Rhode Island land evidence records in book 1593 at page 156.

12. On September 23, 1996 and January 14, 1997 respectively, Lisa V. DeLuise and Plaintiff executed a Quit Claim deed transferring the said property solely to Plaintiff, as recorded in book 2652 at page 02 on January 27, 1997.

13. On September 25, 2006, Plaintiff, as mortgagor, executed a putative promissory note and putative mortgage deed in favor of Mortgage Electronic Registration systems, Inc. (hereinafter referred to as "MERS") as nominee of First Horizon Home Loan Corporation (hereinafter referred to as "First Horizon") in the sum of Two Hundred Sixty Four Thousand and 00/100 ($264,000.00) Dollars, as recorded in the Warwick, Rhode Island land evidence records in book 6333 at page 169.

14. On August 24, 2010, MERS allegedly assigned Plaintiff's first mortgage to Defendant Bank of NY, as recorded in book 7329 at page 114.

15. Defendant Nationstar, acting purportedly as mortgage servicer for Bank of NY, has threatened Plaintiff with foreclosure.

16. There is no Power of Attorney on record authorizing Nationstar to act for and on behalf of Bank of NY.

17. Defendant Nationstar "in its capacity as agent for the Trustee under the Pooling and Servicing Agreement" has declared to Plaintiff that his loan is in default and accelerated.

18. Based upon information and belief, under the terms of the Pooling and Servicing Agreement between Nationstar and Bank of NY, Nationstar is obligated, by contract, to pay to Bank of NY all monies owed by Plaintiff in the event that Plaintiff fails to do so.

19. Bank of NY, as Trustee, under its own contract with its investors, is obligated to timely pay to the investors all sums due and owing, whether paid by mortgagors or mortgage servicers.

20. Only the Trustee, as the purported holder of the Mortgage Deed and Note, is the only entity that may find a mortgagor in default, accelerate a mortgage, and foreclose.

21. Bank of NY was paid Plaintiff's mortgage payments by Nationstar under the terms of the Pooling and Servicing Agreement.

22. As Bank of NY received said payments, no default ensued.

23. Without a default, there can be no acceleration and no foreclosure.

24. Any monies not paid by Plaintiff mortgagor are collectible through standard collection actions, but not through foreclosure.

25. The foreclosure threatened by Nationstar is unlawful.

26. There is no power of attorney on record between MERS and Bank of NY or other documentation reflecting MERS' authority and powers to execute any assignments on behalf of First Horizon.

27. Based upon information and belief, at no time was MERS or Defendant Bank of NY ever in possession of Plaintiff's mortgage deeds and mortgage notes.

28. Defendant, based upon information and belief, is without actual possession of the original mortgage note and mortgage deed.

29. Defendant is without ownership of the statutory conditions and without ownership of the statutory power of sale to effectuate a foreclosure against the Plaintiff.

30. Defendant does not have nor ever had in its possession a promissory note naming it as payee in contravention to the Uniform Commercial Code.

31. The putative assignments of record to the Defendants do not secure the realty pursuant to Rhode Island law.

32. The Plaintiff has no other remedy at law and will be irreparably harmed by the loss of her premises by advertising and auction.

33. The threatened foreclosure by Defendant is illegal as there is no judicial review of same.

34. That the provisions of R.I.G.L. § 34-11-22, as enforced by R.I.G.L. § 34-18.1, et al, are unconstitutional because they allow for the taking of the Plaintiff's property rights in 290 Shawomet Avenuet in Warwick, Rhode Island without judicial review.

WHEREFORE, Plaintiff demands that this Honorable Court:

i.   Declare that the Plaintiff is the true and lawful owner of 290 Shawomet Avenue in Warwick, Rhode Island.

ii.   Enjoin and restrain the Defendants from continuing or initiating any foreclosure actions or eviction actions against the Plaintiff until the title to the property in dispute is cleared.

iii.   Otherwise permanently enjoin and restrain the Defendants from initiating, pursuing, or filing any foreclosure actions, eviction actions, or otherwise exercising or demonstrating any scintilla of ownership of the demised premises located at 290 Shawomet Avenue, Warwick, Rhode Island.

iv.   Declare that the mortgage deeds do not secure the promissory note.

v.    Declare that the  assignments on record to be null and void under Rhode Island law;

vi.   Declare that Salvatore DeLuise owns the premises in fee simple at 290 Shawomet Avenue in Warwick, Rhode Island, and that his title is superior to the claims of the Defendants.

vii.  Declare the provisions of R.I.G.L. § 34-11-22, as enforced by R.I.G.L.§ 34-18.1, et al, are unconstitutional because they allow for the taking of the Plaintiff's property rights in 290 Shawomet Avenue, Warwick, Rhode Island without judicial review.

viii. Award the Plaintiff reasonable attorney's fees and costs,

ix.   Grant such other relief which is just and equitable.


Plaintiff, Salvatore DeLuise,
By his Attorney,


Keven A. McKenna, Esq. (R.I. Bar #0662)
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 (fax)
kevenm@kevenmckennapc.com